UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| Michael Grimaldi, et al., <br>     Plaintiffs, <br><br> v. <br><br> Lori Paggioli, et al., <br>     Defendants. | CIVIL ACTION NO. <br> 3:08CV599 (SRU) |

## RULING AND ORDER

Plaintiffs, the Grimaldi family, sued their former neighbors, Lori and Thomas Paggioli, and the Town of Bolton ("the Town") alleging violations of the 14th Amendment of the Constitution, 42 U.S.C. §§ 1983 and 1988, and negligent and intentional infliction of emotional distress.  The complaint filed by the Grimaldi family has surface appeal.  Michael Grimaldi is a registered sex offender and the Paggiolis allegedly waged a public campaign to drive him out of town.  The complaint alleged that the Town, acting on Lori Paggioli's insistence, arbitrarily enforced municipal regulations against the Grimaldis.  The record, however, failed to support any such misconduct and I granted the Town's motion for summary judgment on January 8, 2010.  *See* doc. # 56.  On January 25, 2010, I notified the parties that I intended to *sua sponte* dismiss the section 1983 claims against Lori Paggioli for failure to state and claim and would likely exercise my discretion to decline supplemental jurisdiction.  *See* Conference Memorandum and Order (doc. # 58).  The parties have filed responses to the order (docs. ## 59 and 60).   For the following reasons plaintiffs' federal claims against the Lori Paggioli are dismissed and I decline to exercise supplemental jurisdiction over plaintiffs' negligent and intentional infliction of emotional distress claims.

I.      **Standard of Review**

District courts are obligated to examine the substantiality of federal claims throughout the litigation. *See Dunton v. County of Suffolk*, 729 F.2d 903, 910 (2d Cir. 1984). The district court may dismiss a complaint *sua sponte* for failure to state a claim on which relief can be granted, so long as it allows the plaintiff an opportunity to be heard. *See Fitzgerald v. First E. Seventh Street Tenants Corp.,* 221 F.3d 362, 364 (2d Cir. 2000); *see also Thomas v. Scully,* 943 F.2d 259, 260 (2d Cir. 1991); *Perez v. Ortiz*, 849 F.2d 793, 797 (2d Cir. 1988). When deciding to dismiss for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the court must accept the material facts alleged in the complaint as true, draw all reasonable inferences in favor of the plaintiff, and decide whether the plaintiff has set forth a plausible claim for relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 562-63 (2007); *Iqbal v. Hasty*, 129 S. Ct. 1937 (2009); *Leeds v. Meltz*, 85 F.3d 51, 53 (2d Cir. 1996).

Under *Twombly*, "factual allegations must be enough to raise a right to relief above the speculative level," and assert a cause of action "with enough heft to show entitlement to relief . . . and enough facts to state a claim to relief that is plausible on its face." 550 U.S. at 555, 570; *Iqbal,* 129 S. Ct. 1937, 50 ("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations."). The plausibility standard set forth in *Twombly* and *Iqbal* obligates the plaintiffs to "provide the grounds of [their] entitlement to relief" through more than "labels and conclusions, [or] a formulaic recitation of the elements of [their] cause[s] of action," *Twombly*, 550 U.S. at 555. *Plausibility* at the pleading stage is nonetheless distinct from *probability*, and "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of [the claims] is improbable, and . . . 'recovery is very

remote [or] unlikely.'"  *Id*. at 556.

**II.   Discussion**

    *A.   Background*

For purposes of this ruling, I take all allegations against Lori Paggioli as true and draw all reasonable inferences in favor of the Grimaldis.  Lori and Thomas Paggioli live next door to the Grimaldis.  Lori Paggioli is employed in the office of the Town Manager of the Town of Bolton.  Lori Paggioli, as both a private citizen and as a public official acting under the color of state law publicly conspired with Thomas Paggioli in making threats to kill Michael Grimaldi, placing an unknown substance in Elise Grimaldi's gasoline tank causing a carbon monoxide leak in her automobile, and stating numerous times, while engaged in official municipal duties, that the plaintiffs must be forced to move out of town.  *See* doc. # 1 at ¶¶ 9, 11, and 17; doc. #59 at 3-4.  These actions, the Grimaldis maintain, deprived them of substantive due process of law and "equal protection of the laws in violation of the Fourteenth Amendment to the United States Constitution as enforced through Sections 1983 and 1988 of Title 42 of the United States Code."  *See* doc. # 1 at ¶¶ 20-21.

    *B.   Section 1983*

A claim brought pursuant to section 1983 may only be asserted against persons who, acting "under the color of any statute, ordinance, regulation, custom, or usage of any State" subjected another person to a "deprivation of any rights, privileges, or immunities secured by the Constitution and laws."  42 U.S.C. § 1983.  The initial inquiry, therefore, is whether Lori Paggioli's actions, as alleged in the complaint, fall within the definition of "under the color of state law."  *See Back v. Hastings on Hudson Union Free School Dist.*, 365 F.3d 107, 122 (2d.

Cir. 2004) ("In order to establish individual liability under § 1983, a plaintiff must show (a) that the defendant is a "person" acting "under the color of state law," and (b) that the defendant caused the plaintiff to be deprived of a federal right.")

"The traditional definition of acting under color of state law requires that the defendant in a § 1983 action have exercised power 'possessed by a virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'" *See Carlos v. Santos*, 123 F.3d 61, 65 (2d Cir. 1997) (quoting *Kern v. City of Rochester*, 93 F.3d 38, 43 (2d Cir. 1996)). The definition does not encompass conduct where any citizen could perform the act because it cannot be said that such acts were "made possible because the wrondoer[s] were clothed with the authority of state law." *Id.*

Even if Lori Paggioli threatened to kill Michael Grimaldi, tampered with Elise Grimaldi's car, and waged a public campaign to push the Grimaldis out of town while also employed by the Town, it is simply not plausible that Lori Paggioli's actions fell within the context of her employment in the Town Manager's office. The allegation concerning threats against Michael Grimaldi alleges that on March 23, 2007 Lori Paggioli threatened to kill Michael Grimaldi and that her husband Thomas Paggioli stated that the plaintiffs "should all be dead." Doc. # 1 ¶¶ 9 and 10. Neither allegation supports an inference that Lori Paggioli's statements were made in the contextof her role and duties as a Town employee.

The same conclusion applies with equal force to the allegation that Lori Paggioli tampered with the gas tank on Elise Grimaldi's vehicle. The claim, as pled, alleges that Lori and Thomas Paggioli were responsible for the act. Again, even if true, the conduct does not give rise to section 1983 liability because Lori Paggioli cannot plausibly be said to have been acting under

the auspices of her employment with the Town.  Moreover, Thomas Paggioli is not an employee of the Town and no factual allegation in the complaint gives rise to the inference that he possessed the authority to act on behalf of the Town.

Paragraph 17 of the complaint alleges that "on numerous occasions during 2006, 2007 and 2008, while in the Bolton Town Hall engaging in her official municipal duties, the defendant Lori A. Paggioli has stated publicly that the plaintiffs must be forced to move out of town."  On its face the allegation is not enough to support a section 1983 cause of action.  It is not enough to allege conduct alone, the factual allegations must be sufficient to raise the claim above the level of speculative and assert a cause of action that demonstrates an entitlement to relief.  *See Twombly*, 550 U.S. at 555, 570.  The pleading standard as provided for in *Twombly* places the onus on plaintiffs to plead more than "a formulaic recitation of the elements of [their] cause[s] of action."  *Id.* at 555.  Incorporating the phrase "engaging in her official municipal duties" is not enough to elevate the claim to one arising under section 1983.  The plaintiffs do not allege that Lori Paggioli made the statements while cloaked with the authority of the Town, and even if they had alleged such conduct, I granted the Town's summary judgment because plaintiffs failed to demonstrate that the Town violated section 1983 in its enforcement of the municipal code against the Grimaldis.  *See* doc. #56 (Oral ruling on Defendant Town of Bolton's Motion to Dismiss).  At best, the allegation in paragraph 17 indicates that Lori Paggioli complained about the Grimaldis during her working hours.  Without more, the complaint fails to state a plausible section 1983 claim in all three allegations because the conduct complained of fails to rise above the kind that any citizen could engage in.

Plaintiffs have not demonstrated that Lori Paggioli acted under color of state law, a

deficiency that necessarily defeats her section 1983 claims. Accordingly, I dismiss *sua sponte* plainitffs' remaining section 1983 claims in their entirety.

      C.      *Supplemental Jurisdiction*

The only claims remaining are plaintiffs' state law claims. On January 25, 2010, I indicated that, in the event that all federal claims were dismissed, I would likely exercise my discretion to decline supplemental jurisdiction. *See* 28 U.S.C. § 1367(c) ("[t]he district courts may decline to exercise supplemental jurisdiction over a claim . . . if-. . . (3) the district court has dismissed all claims over which it has original jurisdiction"); *see also United Mine Workers of America v. Gibbs,* 383 U.S. 715, 726 (1966) ("Certainly, if the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well.); *Valencia ex rel. Franco v. Lee*, 316 F.3d 299, 305 (2d Cir. 2003) (quoting *Carnegie-Mellon University v. Cohill,* 484 U.S. 343, 350 n.7 (1988) ("in the usual case in which all federal-law claims are eliminated . . . the balance of factors to be considered under the pendent jurisdiction doctrine – judicial economy, convenience, fairness, and comity – will point toward declining to exercise jurisdiction over the remaining state-law claims.")). In this Circuit, it may be an abuse of discretion for a district court to try a pendent state claim, absent unusual circumstances, when the underlying federal causes of action have been dismissed. *Nolan v. Meyeri,* 520 F.2d 1276, 1280 (2d Cir. 1975).

The conflict between the Paggiolis and the Grimaldis has played itself out here and in two separate actions in state court and neither the Grimaldis nor the Paggiolis argue that a declination of supplemental jurisdiction would prejudice them in any way. For the foregoing reasons, I decline to exercise supplemental jurisdiction over the Grimaldis' state law claims.

**III.     Conclusion**

Plaintiffs' federal claims against Lori Paggioli are dismissed and plaintiffs' claims against Lori and Thomas Paggioli for negligent and intentional infliction of emotional distress are dismissed without prejudice.  It is so ordered.

Dated at Bridgeport, Connecticut, this 8th day of July 2010.

    /s/ Stefan R. Underhill
Stefan R. Underhill
United States District Judge